THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| DUCO CONSTRUCTION, INC.,<br>An Illinois Corporation, | )<br>)<br>) |
| Defendant. | ) |

## COMPLAINT

Plaintiff, CONSTRUCTION WORKERS PENSION TRUST FUND LAKE COUNTY AND VICINITY, by and through their Attorneys, Robert B. Greenberg, Sam W. Hensel, and Matthew S. Jarka, of Asher, Gittler, & D'Alba, Ltd., complaining of the Defendant, DUCO CONSTRUCTION, INCORPORATED, an Illinois Corporation, as follows:

1. This action is brought under the provisions of Sections 502(a) (3) and (g) (2) and Section 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C., Secs. 1132(g) (2), (a) (3), and 1145.

2. Jurisdiction in this Court is based upon Sections 502(e) (1) and 502(e) (2) of ERISA [29 U.S.C.

Sec. 1132(e) (1) and (e) (2)], which states in relevant part:

> Where an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

3. The Construction Workers Pension Trust Fund Lake County and Vicinity (the "Fund") has been established pursuant to collective bargaining agreements heretofore entered into between CONSTRUCTION WORKERS, ("Union") and Defendant, and the Fund is maintained and administered in accordance with and pursuant to the provisions of Section 302(c)(5) of the National Labor Relations Act, as amended, ERISA and other applicable federal law and the Fund is administered pursuant to the terms and provisions of a certain Restated Agreement and Declaration of Trust ("Trust Agreement.")

4. The Fund office is located at 2111 West Lincoln Highway (Route 30), Merrillville, Indiana 46410, and the Fund is administered in the Northern District of Indiana.

5. As provided in the Trust Agreement, the Fund is required to receive, hold, and manage all monies required to be contributed to the Fund in accordance with the provisions of the then applicable Collective Bargaining Agreement for the uses and purposes set forth in the Trust Agreement.

6. Defendant is an employer engaged in an industry affecting commerce and maintains its principal place of business at 16025 Josef Drive, Homer Glen, Illinois 60491.

7. Defendant employs or has employed persons represented for collective bargaining purposes by the Union and agreed to be bound by the Collective Bargaining Agreement or agreements referred to herein, by the terms of which Defendant was required to contribute to the Funds.

8. That from September 1, 2016, to November 30, 2019, Defendant has employed, and will continue in the future to employ, a diverse number of individuals which are unknown to the Fund but are known to Defendant on whose behalf Defendant has failed to report and remit contributions.

9. The Fund is entitled to an accounting from Defendant, said accounting to state the number of individuals regularly employed by Defendant, including those regularly employed on a part-time basis, and the length of time all said individuals were employed by Defendant for the period September 1, 2016, to November 30, 2019.

10. The Fund, in its behalf, and on behalf of all employees or whose benefit the Funds were established, have requested Defendant to submit its books and records for an audit as provided for in the Funds' Trust Agreement, which is incorporated into the Bargaining Agreement, but Defendant has refused and failed to perform as herein alleged.

11. The Fund is without an adequate remedy at law and will suffer an immediate, continuing and irreconcilable injury and damage unless Defendant is ordered to specifically perform all of its obligations required under the Collective Bargaining Agreement and the Trust Agreement, and is restrained from continuing to refuse to perform as thereunder required.

WHEREFORE, the Fund prays:

(a) That Defendant be compelled to produce such books and records as are required by the Fund's auditors, and to pay to the Fund any amounts found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(b) That Defendant be compelled to account to the Fund for contributions due as aforesaid and to pay to the Fund any amount found due and owing in accordance with the applicable provisions of its Collective Bargaining Agreement.

(c) That the Fund be awarded its costs, including reasonable attorney's fees incurred in the prosecution of this action as provided in the Collective Bargaining Agreement and under the applicable provisions of ERISA, as amended.

(d) That interest and/or liquidated damages be assessed against Defendant as provided in the Collective Bargaining Agreement and the applicable provisions of ERISA, as amended.

(e) For such other and further relief as the Court may determine just and proper.

/s/ Robert B. Greenberg
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500 – Fax: (312) 263-1520
rbg@ulaw.com
IL ARDC #: 01047558


/s/ Sam W. Hensel
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500 – Fax: (312) 263-1520
sh@ulaw.com
IL ARDC #: 6332797


/s/ Matthew S. Jarka
Asher, Gittler & D'Alba, Ltd.
200 West Jackson Boulevard - Suite 720
Chicago, Illinois 60606
(312) 263-1500 – Fax: (312) 263-1520
msj@ulaw.com
IL ARDC #: 6322603